O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIMAS F. TORUNO, | ) | Case No. CV 12-10058 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[2]

---

[1] The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

A. **Reversal is not warranted based on the ALJ's alleged failure to properly consider the medical opinions (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's evaluation of the medical opinions of Dr. McClellan, Dr. Kohan, and Dr. Hong. (See Jt Stip at 3-10.) As discussed below, the Court finds and concludes that reversal is not warranted based on any of plaintiff's contentions of error with respect to these three medical opinions.

1. Dr. McClellan

Dr. McClellan, a chiropractor, rendered an opinion in April 2009 that plaintiff's April 2005 workplace injury rendered plaintiff "temporarily totally disabled," but acknowledged that no diagnostic studies had been performed at the time of the opinion. (See AR 697, 698.) The ALJ rejected Dr. McClellan's opinion on the grounds that a chiropractor is not an acceptable medical source and that, by Dr. McClellan's own acknowledgment, his opinion was unsupported by objective medical findings. (See AR 90.) Plaintiff contends that (1) the ALJ's finding that Dr. McClellan had no legal right to state an opinion of disability was improper because no other physician had concluded that plaintiff's impairments "arise to the level of disabling," which was understandable because "the typical treating physician cannot be expected to compare his diagnoses with those in the listing of impairments"; and (2) Dr. McClellan was an acceptable medical source because he worked closely with and under the supervision of a physician. (See Jt Stip at 6, 8.)

The Court rejects both of plaintiff's contentions. First, the fact that no other physician had opined that plaintiff's impairments arise to the level of disabling was no basis for the ALJ to accord any special weight to Dr. McClellan's opinion.

Second, Dr. McClellan was not an acceptable medical source as part of an "interdisciplinary team" under Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996), because the record did not establish that he worked closely under a physician's supervision or acted as the physician's agent. See Molina v. Astrue, 674 F.3d 1104,

2

1111 (9th Cir. 2012) (finding that nurse practitioner was not part of an interdisciplinary team because record did not show that she worked under a physician's close supervision). Accordingly, the Court finds that Dr. McClellan was merely an "other source" under the Commissioner's regulations, and that the ALJ therefore could properly reject Dr. McClellan's opinion for reasons germane to the opinion. See 20 C.F.R. §§ 404.1513(d), 416.913(d); see also Molina, 674 F.3d at 1111 ("The ALJ may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so.") (internal quotation marks omitted). As noted, the ALJ's stated reason for rejecting the opinion was that, based on Dr. McClellan's own acknowledgment, his opinion was unsupported by objective medical findings. The Court finds that this was a legally sufficient reason. See Marshall v. Astrue, 2012 WL 4069459, at *4-*5 (C.D. Cal. Sept. 17, 2012) (ALJ was justified in rejecting chiropractor's opinion that was not supported by objective evidence).

### 2. Dr. Kohan

Dr. Kohan, a physician specializing in pain management, completed a July 2009 Physical Residual Functional Capacity Questionnaire in which he stated that, due to plaintiff's lumbar radiculopathy, plaintiff should lift no more than 10 pounds and should avoid prolonged sitting, standing, and bending. (See AR 747.)

The ALJ gave "little weight" to Dr. Kohan's opinion for multiple reasons. Preliminarily, the ALJ found that, as a foundational matter, there was no clear, traditional treating relationship shown between plaintiff and Dr. Kohan. (See AR 21.) Moreover, since Dr. Kohan's opinion was not well-supported, the ALJ found that the opinion had the status of "little more than the opinion of an examiner." (See AR 21.) Plaintiff contends that this was not a legally sufficient reason because the record indicates that on at least 11 different dates, plaintiff visited Dr. Kohan for follow-up visits. (See Jt Stip at 7.) However, the Court notes that plaintiff's contention is not

responsive to the ALJ's reasoning. The ALJ's finding that a traditional treating relationship had not been shown was not based on an insufficient number of visits; rather, it followed from plaintiff's own testimony at the administrative hearing that Dr. Kohan did not provide any physical treatment but merely talked to plaintiff, which was essentially consistent with Dr. Kohan's perfunctory reports. (See AR 21; see also AR 37, 704-29.) The ALJ permissibly considered these circumstances in weighing Dr. Kohan's opinion. See 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii) (in weighing medical opinions, Commissioner may consider the nature and extent of treatment relationship). In any event, as discussed below, even if the ALJ had accorded the opinion the status of a treating opinion, the Court finds that the ALJ's reasons for according little weight to Dr. Kohan's opinion would have been legally sufficient.

      First, the ALJ found that Dr. Kohan's opinion was not supported by significant objective evidence[3] and was inconsistent with substantial evidence in the record, specifically the opinions of Dr. Craemer, Dr. Lim, Dr. Jaituni, and Dr. Bayar.[4] (See

---

[3] Specifically, the ALJ explained earlier in his administrative decision that Dr. Kohan's opinion was not well-supported because (1) Dr. Kohan found that "[n]eurologically, [plaintiff] was within normal limits"; (2) contrary to Dr. Kohan's 10-pound lifting limit, there was a "generally broad consensus among acceptable medical sources" that plaintiff had the ability to lift 50 pounds occasionally and 25 pounds frequently; (3) Dr. Kohan's limitation on sitting, standing, and bending lacked support in either the clinical data or other medical opinion evidence and was undercut by Dr. Kohan's own statement that plaintiff is "to expect improvement within 6 months (estimate)." (See AR 20; see also AR 478, 486, 674, 727, 744.)

[4] With respect to Dr. Craemer, who initially opined in March 2006 that plaintiff was "permanent and stationary" because he had reached maximum medical improvement (see AR 785), plaintiff points out that another physician, Dr. Sukoff, disagreed with Dr. Craemer in October 2006. (See Jt Stip at 8-9; see also AR 412-13.) Specifically, Dr. Sukoff opined that plaintiff was not permanent and stationary, that plaintiff could be expected to improve further with additional therapy, and that

4

AR 21.) The Court finds that this constituted a legally sufficient reason for giving little weight to Dr. Kohan's opinion. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating physician's opinion that was "unsupported by rationale or treatment notes, and offered no objective medical findings" to support diagnoses was properly rejected).

Second, the ALJ found that Dr. Kohan's opinion appeared to be based largely on recitations of plaintiff's statements and complaints and was "tainted by [plaintiff]'s objective to obtain a report that states that he is disabled in order to receive disability benefits." (See AR 21.) The Court finds that this constituted a legally sufficient reason for giving little weight to Dr. Kohan's opinion, especially in light of plaintiff's failure to challenge the ALJ's adverse credibility determination. See Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 602 (9th Cir. 1999) (treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (ALJ may legitimately accord less weight to, or reject, the

---

plaintiff would be anticipated to reach a permanent and stationary status in one or two months. (See AR 413.) Plaintiff contends that the ALJ improperly failed to address Dr. Sukoff's disagreement with Dr. Craemer (see Jt Stip at 8-9), but the Court notes that, following Dr. Sukoff's opinion, Dr. Craemer conducted a completely new medical examination of plaintiff in May 2008, in which Dr. Craemer noted plaintiff's additional therapy and again concluded that plaintiff had reached maximum medical improvement (see AR 760), which was not necessarily inconsistent with Dr. Sukoff's opinion. The Court finds that evidence of Dr. Sukoff's earlier disagreement with Dr. Craemer was not significant and probative under these circumstances and therefore, the ALJ did not err in failing to discuss it. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ need only discuss evidence that is significant and probative).

opinion of a doctor based on the self reporting of an unreliable claimant where that claimant's complaints have been properly discounted).[5]

### 3. Dr. Hong

Dr. Hong, one of plaintiff's treating physicians, completed a July 2011 Physical Residual Functional Capacity Questionnaire in which she stated that, due to plaintiff's lumbosacral radiculitis and DeQuervain's tenosynovitis, plaintiff should be limited to standing for 10 minutes at a time, should take unscheduled breaks every 30 minutes, and should only lift less than 10 pounds. (See AR 824.) The ALJ concluded that Dr. Hong's opinion "suffers from nearly all the same defects as those described [with respect to Dr. Kohan's opinion], and is accorded similarly reduced weight as a result." (See AR 21.) The Court finds that the ALJ provided legally sufficient reasons to accord reduced weight to Dr. Hong's opinion. Specifically, the record confirms that Dr. Hong's opinion was not supported by significant objective evidence, was inconsistent with substantial evidence in the record, and appeared to be based largely on recitations of plaintiff's statements and complaints. (See AR 869-73, 878-83, 918-21, 1110-13, 1129-32, 1161-63.)

//
//

---

[5] Plaintiff further contends that the ALJ did not provide legally sufficient reasons to accord little weight to Dr. Kohan's opinion because, based on that opinion, the State of California found plaintiff disabled and awarded him Medi-Cal benefits. (See Jt Stip at 7.) The Court disagrees because the Commissioner is not bound by the disability decisions of other governmental agencies. See 20 C.F.R. §§ 404.1504, 416.904. In any event, the Court concurs with the ALJ's determination to accord "little weight" to the state decision because it related to a period more than four years after plaintiff's alleged disability onset date and it based the disability finding on only two medical reports that were not particularly well supported or analyzed in great detail. (See AR 20.)

**B.   Reversal is not warranted based on the ALJ's alleged failure to make a proper step three determination (Disputed Issue No 2).**

Disputed Issue No. 2 is directed to the ALJ's determination at step three of the Commissioner's sequential evaluation process that plaintiff did not have a condition that met or equaled the requirements of a listed impairment. (See Jt Stip at 24-27.)

At step three of the sequential evaluation process, the ALJ must determine whether a claimant's impairment or combination of impairments meets or equals a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "meet" a listed impairment, the claimant must establish that he satisfies each element of the listed impairment in question. See Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); Tackett, 180 F.3d at 1099. To "equal" a listed impairment, a plaintiff "must establish symptoms, signs, and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." Tackett, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526).

Here, the ALJ determined that plaintiff did not have an impairment or impairments that met or equaled the requirements of any listed impairment. (See AR 17-18.) Plaintiff contends that he "medically equals the listing" without specifying the listing or explaining how equivalence was established; rather, plaintiff mentions several listings – such as 1.02, 1.03, 1.04, 11.00, 14.09 – and summarizes various medical findings. (See Jt Stip at 25-27.)

The Court finds that plaintiff has failed to meet his burden of showing how his condition equaled the requirements of a listed impairment because he has failed to proffer a proper theory of equivalence. Plaintiff's mere recitation of various listings and medical findings is insufficient. See Burch v. Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005) (rejecting claimant's step three claim where she failed to specify which listing she believed she met or equaled and failed to set forth any evidence

which would support the diagnosis and findings of a listed impairment). Moreover, plaintiff's contention that the ALJ improperly failed to explain his equivalency finding is not well-taken because the ALJ was not required to do so under the circumstances. See Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2005) (ALJ's failure to consider equivalence was not reversible error because the claimant did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listed impairment).

**C.  Reversal is not warranted based on the ALJ's step four determination (Disputed Issue No 3).**

Disputed Issue No. 3 is directed to the ALJ's residual functional capacity determination ("RFC") and determination at step four of the Commissioner's sequential evaluation process that plaintiff could perform his past relevant work as a valet driver.[6] Specifically, plaintiff contends that the ALJ's RFC determination failed to include all of plaintiff's limitations, as set out in the medical opinions discussed above in Disputed Issue No. 1, as well as the opinion by Dr. Craemer that plaintiff should refrain from repetitive bending and should alternate between sitting and standing. (See Jt Stip at 31; see also AR 785.) Accordingly, plaintiff contends that, had the ALJ made a proper RFC determination, it would follow that plaintiff is disabled because he cannot perform his past relevant work as a valet driver or any other work. (See Jt Stip at 31-32.) Plaintiff also appears to contend that the ALJ erred by failing to obtain the testimony of a vocational expert. (See Jt Stip at 31, 33.)

---

[6] The ALJ found that plaintiff had an RFC to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c); specifically, the ALJ found that plaintiff could lift/carry up to 50 pounds occasionally and 25 pounds frequently with standing/walking for up to 6 hours cumulatively in an 8-hour workday, and sitting for up to 6 hours cumulatively in an 8-hour workday. (See AR 18.)

The Court disagrees with each of plaintiff's contentions. First, in light of the Court's finding with respect to Disputed Issue No. 1 that the ALJ did not err in considering the medical opinions of Dr. McClellan, Dr. Kohan, and Dr. Hong, it follows that the ALJ also did not err in accounting for those opinions in his RFC determination or in his subsequent conclusion that plaintiff could perform his past relevant work.

Second, with respect to Dr. Craemer's March 2006 opinion that plaintiff should refrain from repetitive bending and should alternate between sitting and standing, the Court concurs with the ALJ's determination that such restrictions were "not generally inconsistent with a medium-level residual functional capacity" (see AR 19). The Court also notes that plaintiff has questioned the evidentiary value of Dr. Craemer's March 2006 opinion in light of Dr. Sukoff's disagreement with it. (See Jt Stip at 8-9.) In any event, the Court finds that the restrictions from Dr. Craemer's March 2006 opinion do not conflict with the requirements of plaintiff's past relevant work. See DOT No. 915.473-010 (Parking-Lot Attendant).

Third, the ALJ's determination at step four that plaintiff could perform his past relevant work made it unnecessary to obtain the testimony of a vocational expert to consider the availability of other work. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ's determination at step four that claimant's impairment did not prevent him from performing past relevant work made it unnecessary to call a vocational expert pursuant to step five); Hopkins v. Astrue, 227 Fed Appx. 656, 657 (9th Cir. 2007) ("[T]he ALJ was not required to call a vocational expert at step four.").

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's determination at step four of the Commissioner's sequential evaluation process.

//
//

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: September 9, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE